IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 28 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-F-462
(Criminal Action No. 04-CR-97-F)

UNITED STATES OF AMERICA,

v.

RAMIRO PABLO-LEPE,

      Movant.

---

## ORDER DENYING 28 U.S.C. § 2255 MOTION

      Movant Ramiro Pablo-Lepe filed ***pro se*** a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The Court must construe the motion liberally because Mr. Pablo-Lepe is representing himself.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the ***pro se*** litigant's advocate.  ***See Hall***, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the motion.

      On March 9, 2004, a grand jury returned an indictment charging Mr. Ramiro Pablo-Lepe with one count of unlawful reentry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. §1326(a) and (b)(2).  On May 6, 2004, Mr. Ramiro pleaded guilty to the indictment.  On July 19, 2004, he was sentenced to forty-six months in prison and to a three-year term of supervised release.  His sentence was enhanced sixteen levels pursuant to United States Sentencing Guideline (U.S.S.G.) § 2L1.2 for having previously been convicted of an aggravated felony, and



decreased three levels for acceptance of responsibility.  Judgment was entered on the

docket on July 29, 2004.  Mr. Pablo-Lepe did not initiate a direct appeal, and the time for

filing a direct appeal expired on August 12, 2004, ten days after the entry of judgment.

**See** Fed. R. App. P. 4(b)(1), 26(a).  The 28 U.S.C. § 2255 motion was filed on March 14,

2005.  However, the § 2255 motion was signed on March 7, 2005.  Assuming that the

§ 2255 motion was mailed on the same day it was signed, the action was filed on March

7 pursuant to the prisoner mailbox rule.  **See Houston v. Lack**, 487 U.S. 266, 270

(1988).  This is Mr. Lepe's first § 2255 motion.  The government concedes that the

motion was filed in a timely manner.

Mr. Pablo-Lepe asserts that in sentencing him on his conviction for illegal reentry

by a previously deported alien his Sixth Amendment right to jury was violated when the

Court enhanced his offense level by sixteen levels based upon a prior conviction for an

aggravated felony.  Mr. Pablo-Lepe challenges his sentence pursuant to **Blakely v.**

**Washington**, 124 S. Ct. 2531 (June 24, 2004), and **United States v. Booker**, 125 S. Ct.

738 (Jan. 12, 2005).

Although Mr. Pablo-Lepe bases his claim upon **Blakely** and **Booker**, **Apprendi**

**v. New Jersey**, 530 U.S. 466 (2000), also is pertinent to his claim.  In **Apprendi**, the

Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must be

submitted to a jury, and proved beyond a reasonable doubt." **Apprendi**, 530 U.S. at

490.  **Blakely** held "that the 'statutory maximum' for **Apprendi** purposes is the

maximum sentence a judge may impose **solely on the basis of the facts reflected in**

**the jury verdict or admitted by the defendant**." **Blakely**, 124 S. Ct. at 2537.

Specifically, the Supreme Court in **Blakely** invalidated a sentence imposed pursuant to the State of Washington's determinate sentencing scheme, which is similar to the Federal Sentencing Guidelines, because a judge increased the sentence based on factual findings made by the judge rather than a jury. **See id.** The Supreme Court reaffirmed its holding in **Apprendi** and held that the rule in **Blakely** applies to the Federal Sentencing Guidelines. **Booker**, 125 S. Ct. at 755-56.

Mr. Pablo-Lepe procedurally defaulted his claim by failing to raise it prior to or at sentencing or on direct appeal. Generally, a 28 U.S.C. § 2255 movant is barred from raising claims he failed to raise on direct appeal. "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." **United States v. Allen**, 16 F.3d 377, 378 (10th Cir. 1994). Mr. Pablo-Lepe's **pro se** status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. **See Lepiscopo v. Tansy**, 38 F.3d 1128, 1130 (10th Cir. 1994).

In determining whether cause exists for Mr. Pablo-Lepe's failure to raise his claim, the question "is . . . whether at the time of the default the claim was 'available' at all." **Daniels v. United States**, 254 F.3d 1180, 1191 (10th Cir. 2001) (quotation omitted). Mr. Pablo-Lepe's argument was available at the time of the default. Although **Booker** was decided after Mr. Pablo-Lepe was sentenced, **Blakely** was decided on June 24, 2004, almost a month before he was sentenced. Nothing prohibited Mr.

3

Pablo-Lepe from raising an ***Apprendi/Blakely***-objection to the sentencing process prior to the date he was sentenced or on direct appeal. He fails to claim any justification or cause for failing to raise an objection, other than that he "was not aware of any case before the U.S. Supreme Court" involving the Sixth Amendment issue. The Court need not decide whether Mr. Pablo-Lepe has shown prejudice because he has failed to demonstrate cause. Mr. Pablo-Lepe does not allege that a fundamental miscarriage of justice will occur if his claim is not addressed. The claim challenging his sentencing enhancement pursuant to U.S.S.G. § 2L1.2, therefore, is barred.

Mr. Pablo-Lepe's claim also must be denied because ***Apprendi***, ***Blakely***, and ***Booker*** do not apply to facts admitted by a defendant. In ***Blakely***, the Supreme Court held that a defendant may waive his "***Apprendi*** rights" by "stipulat[ing] to the relevant facts or consent[ing] to judicial factfinding." ***Blakely***, 124 S. Ct. at 2541. Here, Mr. Pablo-Lepe stipulated to the prior conviction for an aggravated felony and corresponding sixteen-level enhancement in both his Statement by Defendant in Advance of Plea of Guilty, ***see*** document 22 at ¶ 27, and in his Plea Agreement and Statement of Facts Relevant to Sentencing. ***See*** document 20 at 4. Therefore, the 28 U.S.C. § 2255 motion will denied. Accordingly, it is

ORDERED that the 28 U.S.C. § 2255 motion filed on March 7, 2005, is denied,

and this civil action is dismissed.

DATED at Denver, Colorado, this 27th day of April , 2005.

BY THE COURT:

PHILLIP S. FIGA
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## CERTIFICATE OF SERVICE

Case No. 04-CR-97-F

The undersigned certifies that a copy of the foregoing **Order Denying 28 U.S.C. § 2255 Motion** was served on April ___28___ , 2005, by:

(X)     delivery to:

Jerry N. Jones
Assistant U.S. Attorney
**USDC Box 28**

Jakki L. Savan, Pro Se Law Clerk (Courtesy Copy

(X)     depositing the same in the U.S. Mail, postage prepaid, addressed to:

Ramiro Pablo-Lepe
FCI
P.O. Box 1000, Unit C-1
Cumberland, MD  21501-1000


GREGORY C. LANGHAM, CLERK


By_____
Deputy Clerk/Secretary